IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nancy Barber, | ) | C/A No.: 3:11-cv-02328-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| American Family Home Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter comes before the court on American Family Home Insurance Company's ("American Family") Motion to Dismiss as to Plaintiff's second, fourth, fifth, and sixth causes of action pursuant to Rule 12(b)(6), 8(a)(2), and 9(b) of the Federal Rules of Civil Procedure. The plaintiff, Nancy Barber ("Barber"), opposes the motion. After reviewing the parties' briefs and hearing the parties' arguments made before this court on February 1, 2012, this court grants American Family's Motion to Dismiss Plaintiff's second, fourth, fifth, and sixth causes of action.

    This dispute concerns insurance proceeds, which American Family has issued in checks made out jointly to the plaintiff and her estranged husband, Kelly Barber. Plaintiff filed this lawsuit alleging that the checks should have been issued in her name only and that American Family made a number of misrepresentations to her. Plaintiff's Amended Complaint sets forth the following causes of action: (1) breach of contract, (2) negligence, (3) bad faith, (4) negligent misrepresentation, (5) fraud, and (6) constructive

1

fraud. The defendant has filed the instant Motion to Dismiss, seeking to have Plaintiff's second, fourth, fifth, and sixth causes of action dismissed.

United States Supreme Court cases *Twombly* and *Iqbal* have reinvigorated the standard for the Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Importantly, Plaintiffs must put forth claims that cross "the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1950–51 (internal quotations omitted).

In this case, the plaintiff has not met the 12(b)(6) standard for her claims of negligence, negligent misrepresentation, fraud, and constructive fraud. Specifically, Barber has failed to plead facts sufficient to satisfy each of the elements of those four causes of action. As to negligence, Barber's allegations sound in contract rather than in tort—thus, her negligence claims should be dismissed. As to her negligent misrepresentation, fraud, and constructive fraud claims, Barber's pleadings fall short, merely offering "labels and conclusions" and "formulaic recitation[s] of the elements of [those] causes of action." *See Twombly*, 550 U.S. at 555. As such, the court finds that

Barber's negligent misrepresentation, fraud, and constructive fraud causes of action should be dismissed.

Based on the foregoing, this court hereby grants the defendant's Motion to Dismiss. Accordingly, this court dismisses the plaintiff's second, fourth, fifth, and sixth causes of action pursuant to Rule 12(b)(6).

IT IS SO ORDERED.

February 2, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge