IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nancy Barber, | ) | C/A No.: 3:11-cv-2328-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION TO |
| | ) | REMAND AND GRANTING MOTION |
| American Family Home Insurance Company, | ) | TO DISMISS CROSSCLAIMS |
| | ) | |
| Defendant. | ) | |
| American Family Home Insurance Company, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kelly D. Barber and Nancy Barber, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| Nancy Barber, | ) | |
| | ) | |
| Cross Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kelly D. Barber, | ) | |
| | ) | |
| Cross Defendant. | ) | |

This matter comes before the court on Plaintiff/Counter Defendant/Cross Claimant Nancy Barber's Motion to Remand. (ECF No. 55). Also before this court is Counter Defendant/Cross Defendant Kelly D. Barber's Motion to Dismiss Crossclaims of Cross

1

Claimant Nancy Barber. (ECF No. 67). After reviewing the parties briefs and the applicable law on these issues, this court denies Nancy Barber's motion to remand. This court also grants Kelly Barber's motion and dismisses the Crossclaim against him.

I.  Factual and Procedural History

This dispute concerns insurance proceeds, which American Family Home Insurance Company ("American Family") has issued in checks made out jointly to Nancy Barber and Kelly Barber. Nancy Barber filed a complaint in state court alleging a number of causes of action against American Family for issuing the checks jointly to Nancy and Kelly Barber, rather than to Nancy Barber individually. American Family removed this case to federal court based on diversity. Since removal, a number of the causes of action against American Family have been dismissed. The only causes of action that remain are for breach of contract and bad faith.

American Family filed a counterclaim against Nancy Barber and Kelly Barber seeking declaratory judgment and interpleader of the disputed insurance proceeds. Nancy Barber subsequently answered the counterclaim and filed a crossclaim against Kelly Barber alleging causes of action for assault, battery, intentional infliction of emotional distress, negligence per se, gross negligence, and unjust enrichment based on an alleged domestic dispute between Nancy and Kelly Barber.

On January 24, 2012, Nancy Barber filed a Motion to Remand this case to state court, arguing that diversity no longer exists in this case. (ECF No. 55). American Family filed its Response in Opposition to the Motion to Remand on February 10, 2012. (ECF No. 63).

On March 7, 2012, Kelly Barber filed a motion asking this court to dismiss the crossclaims asserted against him by Nancy Barber. (ECF No. 67). Nancy Barber filed a response in opposition on March 26, 2012. (ECF No. 69).

II.     Legal Standard

   A.     Motion to Remand

In general, an action filed in state court may be removed to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). Courts should strictly construe removal jurisdiction because of the implications of federalism. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, "if federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

One type of federal jurisdiction, called diversity jurisdiction, exists where the amount in controversy exceeds $75,000 and complete diversity is present. 28 U.S.C. § 1332. The term "complete diversity" means that "none of the plaintiffs [] share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).

B.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiffs' burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed if a plaintiff has failed to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

III.  Analysis

A.  Motion to Remand

In her motion, Nancy Barber asserts that remand is proper in this case because the parties are no longer completely diverse. In her view, American Family's counterclaim against Kelly Barber "effectively added Kelly Barber as a defendant." (ECF No. 55). Because both Nancy Barber and Kelly Barber are citizens of South Carolina, Nancy

4

Barber asserts that there is no longer complete diversity in this case and that this court now lacks subject matter jurisdiction.

American Family disagrees with Nancy Barber's position and submits that its counterclaims do not destroy diversity. American Family contends that this court has subject matter jurisdiction pursuant to the supplemental jurisdiction statute, which provides

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal Statute, *in any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the same action within such original jurisdiction that they form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367 (emphasis added). American Family further points this court to the Fourth Circuit decision *United Capitol Ins. Co. v. Kapiloff*, where the court held that the defendant's joinder of non-diverse parties as counterclaim defendants did not destroy complete diversity. 155 F.3d 488 (1998). The Fourth Circuit declared that "[d]espite the requirement of complete diversity for jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1367(a) confers supplemental jurisdiction over 'all other claims that are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy.'" *Id.* at 492. This is the precise situation now before this court, and the Fourth Circuit has ruled that subject matter jurisdiction is present. As such, this court denies Nancy Barber's Motion to Remand.

B.      Motion to Dismiss Crossclaims

Kelly Barber offers two different arguments as to why the crossclaims asserted by Nancy Barber against him should be dismissed. First, Kelly Barber argues that the tort crossclaims are prohibited by Fed. R. Civ. P. 13(g) and 14(a)(3) for failing to set forth allegations that arise out of the same transaction, occurrence, or property that is the subject matter of the Amended Complaint and Counterclaim. Second, Kelly Barber argues that this court lacks supplemental jurisdiction over the crossclaims against him in accordance with 28 U.S.C. § 1367(b). As such, Kelly Barber urges this court to dismiss all of the crossclaims asserted against him by Nancy Barber.

1.      Federal Rules of Civil Procedure 13(g) and 14(a)(3)

Both Fed. R. Civ. P. 13(g) and 14(a)(3) require that crossclaims, such as those asserted by Nancy Barber in this case, arise out of the "same transaction or occurrence" as the claims or counterclaims of the original action. Pursuant to Fed. R. Civ. P. 13(g)

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

*See Markel Am. Ins. Co. v. Piggie Park Enterps., Inc.*, No. 3:09-cv-1631-JFA, 2010 WL 500453 (D.S.C. Feb. 5, 2010) (applying Rule 13(g) to dismiss crossclaims in an insurance coverage dispute). Similarly, Fed. R. Civ. P. 14(a)(3) provides as follows:

> The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

6

The Fourth Circuit has provided the following questions to guide courts in their determination of whether a crossclaim arises out of the same transaction or occurrence: (1) Are the issues of fact and law raised in the complaint and crossclaim largely the same?  (2) Will substantially the same evidence support or refute the complaint as well as the crossclaim?   (3) Is there any logical relationship between the complaint and the crossclaim?  *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988).

As to the issues of fact and law in the complaint and the crossclaim, this court finds little commonality.  The factual and legal basis for determining Nancy Barber's and Kelly Barber's right to insurance proceeds (subject of the Amended Complaint and Counterclaim) has no relationship to the tort allegations contained in the crossclaims asserted against Kelly Barber.  As pointed out by Kelly Barber, "[a]lthough some of the same persons might be witnesses to both the dispute in the Amended Complaint and Counterclaim, as well as the dispute in the Crossclaim, the use of those witnesses would be focused on entirely different facts and legal theories." (ECF No. 67-1).

With regards to the evidence needed to support or refute the complaint and the crossclaim, there may be some overlap because Nancy and Kelly Barber are involved in both claims.  However, for the most part, "[t]he evidence required to support or refute claims regarding an insurance contract is entirely different that the evidence required to support or refute claims centering on an alleged domestic dispute."  (ECF No. 67-1).

Finally, the logical relationship between the Amended Complaint, Counterclaim, and Crossclaim is not sufficiently meaningful to satisfy Rules 13(g) or 14(a)(3).  As

7

pointed out by Kelly Barber, "the focus of the Amended Complaint and Counterclaim is attenuated from that of the Crossclaim."  (ECF No. 67-1).

In her Response in Opposition, Nancy Barber provides little discussion of the three inquiries provided by the Fourth Circuit to guide courts in their determination of whether a crossclaim arises out of the same transaction or occurrence.  Rather, she makes blanket statements that "[i]t is obvious" and "[i]t is apparent" from her pleadings that the causes of action in her Crossclaim are part of the same transaction or occurrence as the causes of action in the Complaint and the Counterclaim.  (ECF No. 69, p. 9).  This court is not persuaded that the tortious causes of action asserted in the Counterclaim are part of the same transaction or occurrence as the causes of action in the Amended Complaint and the Counterclaim.

Because the tortious causes of action asserted in the Crossclaim do not involve the same transaction or occurrence as the Amended Complaint and Counterclaim, those causes of action do not fall within the scope of Fed. R. Civ. P. 13(g) and 14(a)(3).  As such this court finds that the assault, battery, intentional infliction of emotional distress, negligence per se, and gross negligence claims should be dismissed.

    2.  Supplemental Jurisdiction Under 28 U.S.C. § 1367

As discussed above with respect to Nancy Barber's Motion to Dismiss, 28 U.S.C. § 1367 confers supplemental jurisdiction over American Family's counterclaim against Kelly Barber.  However, 28 U.S.C. § 1367 specifically prohibits supplemental jurisdiction over Nancy Barber's Crossclaim against Kelly Barber.  To wit, 28 U.S.C. § 1367 states that

> [T]he district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

In the instant case, Kelly Barber has been made a party pursuant to Fed. R. Civ. P. 13, via either Rule 19 (compulsory joinder) or Rule 20 (permissive joinder).  *See* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim.").  Because Nancy and Kelly Barber are both citizens of South Carolina, this court's exercise of supplemental jurisdiction over Nancy Barber's crossclaims against Kelly Barber would be inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.  Such supplemental jurisdiction is expressly prohibited by 28 U.S.C. § 1367(b), and, thus, this court is constrained to dismiss all of the causes of action asserted in the Crossclaim against Kelly Barber.

IV.     Conclusion

Plaintiff/Counter Defendant/Cross Claimant Nancy Barber's Motion to Remand is hereby denied, and Counter Defendant/Cross Defendant Kelly Barber's Motion to Dismiss is hereby granted.  Accordingly, the Crossclaim against Kelly Barber is dismissed.

IT IS SO ORDERED.

April 17, 2012                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

9