IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nancy Barber, | ) | C/A No.: 3:11-cv-2328-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING MOTIONS |
| | ) | FOR SUMMARY JUDGMENT |
| American Family Home Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| American Family Home Insurance Company, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Kelly D. Barber and Nancy Barber, | ) | |
| | ) | |
| Counter Defendants. | ) | |

This case comes before the court on two motions for summary judgment filed by Defendant American Family Home Insurance Company ("American Family"). Plaintiff Nancy Barber opposes both motions, and Counter Defendant Kelly Barber supports the motions. For the reasons that follow, this court grants both of Defendant's motions.

**I.     Factual and Procedural History**

According to the facts provided in the record, Plaintiff Nancy Barber, took out an insurance policy on her home with Defendant. In exchange for a policy of liability and property damage, she paid the premiums as required under the insurance contract. At

1

some point, Plaintiff's home was lost due to a fire. Although Plaintiff has sought payment under the policy, she claims that she has not been properly paid under the policy because American Family has "tender[ed] payment in a format that creates an improper interest in a third party" (the check has been issued jointly to Plaintiff and her estranged husband). Additionally, Barber claims that she is entitled to payment under her insurance policy for proceeds relating to the "removal and cleanup of debris" and relating to a garage that was destroyed in the fire. Plaintiff also alleges that Defendant gave her misinformation regarding the amount of funds that the insurance company would provide.

Plaintiff brought this action against Defendant on July 19, 2011 in the Lexington County Court of Common Pleas, alleging the following causes of action: breach of contract, negligence, bad faith, negligent misrepresentation, breach of contract accompanied by a fraudulent act, violation of the UTPA, conversion, fraud, and constructive fraud. Defendant removed the case on August 31, 2011. Since then, a number of the Plaintiff's causes of action have been dismissed, and the only remaining claims are for breach of contract and bad faith. The Defendant has also counterclaimed for declaratory judgment and interpleader.

American Family filed the instant two motions for summary judgment on November 9, 2012 (one on Plaintiff's Complaint and one on its own Counterclaims). Nancy Barber has filed a Response opposing both of these motions. Kelly Barber, on the other hand, filed a short brief in support of both of the motions.

2

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III. Analysis

### A. Breach of Contract

The Plaintiff conceded during argument on this motion that she does not contesting summary judgment on the issue of whether the garage qualified as an "other structure" under the insurance policy. The court addresses the remaining breach of contract issues below.

#### 1. Issuance of Joint Check

Defendant argues that the primary issue in this case can be easily resolved by answering the following two questions: (1) Was Nancy Barber married to Kelly Barber at

3

the time of the fire? And (2) Did Kelly Barber reside in the home at the time of the fire? It is undisputed that Nancy and Kelly Barber were married at the time of the fire. It also appears that Kelly Barber resided in the home, 2148 Fairview Road, at the time of the fire based on the following facts: he was staying at the home at the time of the fire (and had been the only one staying there for the two weeks prior); his driver's license listed 2148 Fairview Road as his address; he received mail at 2148 Fairview Road; he had informed his probation officer that 2148 Fairview Road was his residence; he came and went freely from that address; and he had no other residence according to his own testimony. Because Kelly Barber was married to Nancy Barber at the time of the fire, and because he also apparently resided at their home at the time of the fire, American Family submits that he was an "insured person" under the language of the policy. Since Kelly Barber qualified as an "insured person," American Family submits that it did not breach the contract when it issued a check jointly to Nancy and Kelly Barber and that, in fact, it was required to do so under the policy.

Plaintiff takes issue with the conclusion that Kelly Barber was a resident of the home at the time of the fire—she submits that he was not living there but was staying there because "he had no place else to go." Plaintiff cites to Wisconsin law and asks the court to find that at the time of the fire Nancy and Kelly Barber's relationship had deteriorated such that instead of being a resident of the house, he was merely an occupant of the house. Nancy Barber further argues that because her name was on the deed and because she entered into the insurance contract, she alone is entitled to the proceeds from the insurance contract. Plaintiff points out that Kelly Barber lived with his girlfriend at

4

one point during their marriage. Plaintiff also raises numerous domestic incidents involving the police to support her argument that Kelly Barber was not a resident of the home.

Based on the record, this court feels constrained to find that Kelly Barber was a resident on the home at 2148 Fairview Road. The court is unpersuaded by the evidence presented by the Plaintiff to the contrary, as that evidence occurred well before the home caught on fire in 2010, and the couple had reconciled after those events.

### 2.     **Failure to Pay for Debris Removal**

As for debris removal, American Family points out that Plaintiff never incurred any expenses for debris removal, and, in fact, she never even obtained an estimate for the cost of removal. Therefore, American Family submits that it cannot have breached the contract for failing to pay for any removal.

Plaintiff contends that because she was unable to receive insurance proceeds from other loss to her home, she could not pay for the debris removal.

During the hearing, the Defendant affirmed that this coverage is still available to the Plaintiff, and rather than incur the costs for debris removal upfront, she may submit an estimate to American Family, and it will provide the coverage available to her. Therefore, the court finds that there has been no breach of contract as to this provision of the policy.

### B.     Bad Faith

Because there has been no breach of contract, American Family argues that there can be no bad faith and that it is entitled to summary judgment on the entire bad faith claim.

### 1.     Issuance of Joint Check

The only evidence that American Family had during the claims process was that Kelly Barber was Nancy Barber's spouse and that he was residing in the home at the time of the fire. Nancy Barber gave American Family that information herself. Therefore, American Family submits that it did not act in bad faith when it issued a check to both Nancy and Kelly Barber, as it believed, based on Nancy Barber's statements and other information that it gathered, that Kelly Barber qualified as an "insured person" under the language in the contract.

Plaintiff, on the other hand, alleges that American Family "did virtually no investigation on who was owed what proceeds of the insurance policy." (ECF No. 103, p. 10). It seems that Plaintiff expected the insurance adjuster to speak with Kelly Barber, the Plaintiff's family, and neighbors though Plaintiff had already given American Family information that led them to believe that Kelly Barber was an "insured person" under the policy. Plaintiff argues that Kelly Barber was not a party to the insurance contract and that he should not have been able to benefit under it and that American Family should have looked further into the circumstances before issuing the check jointly to the Barbers.

This court agrees with the Defendant and finds that American Family did not act in bad faith in issuing the proceeds checks to Nancy and Kelly Barber, jointly.

### 2.     Information Regarding Debris Removal

It appears from the testimony of both the Plaintiff and the insurance adjuster that when he first came to her home to view the damage, he mentioned that she would be entitled to $250 for debris removal.  That amount was based on the language of the standard policy because he did not have the Plaintiff's specific policy with him at the time.  As it turns out, she may have been entitled to more based on her specific policy, but there is no evidence that the insurance adjuster's statement was made intentionally, purposefully, or in bad faith—it was merely a mistake.  Furthermore, as Plaintiff never incurred any expenses for debris removal, American Family never refused to pay those expenses, and American Family has confirmed that that coverage is still available to Nancy Barber.

Plaintiff submits that there was bad faith in this case because the insurance adjuster knew that he gave her incorrect information, and he never failed to correct his mistake.  Thus, she states that American Family breached its "duty to ensure that Plaintiff receive accurate information that she could rely on."  (ECF No. 103, p. 11).  Plaintiff submits that that information was never corrected by anyone from the insurance company though there were multiple conversations between her and various agents of the company.

As to the issue of bad faith concerning statements made about the amount of debris removal coverage available under the policy, this court finds in favor of the Defendant.

### C.    Declaratory Judgment and Interpleader

In its motion for summary judgment on its Counterclaims, American Family requests a determination of whether Kelly Barber is an insured as defined by the Policy such that he has an interest in the insurance proceeds at issue. American Family further seeks a declaration that its issuance of the policy proceeds in both Nancy and Kelly Barber's names was pursuant to policy provisions and South Carolina law and was not improper or in bad faith. American Family also points out that the checks that it issued jointly to Nancy and Kelly Barber are now expired. As such, American Family seeks to interplead these disputed funds, totaling $40,652.20, with the court and further seeks an order discharging it from any further liability. American Family submits that if it prevails on its motion for summary judgment, the proper course would be for this court, as part of a summary judgment order dismissing this case, to direct American Family to interplead the funds into the divorce action that is currently pending between the Barbers in Lexington County Family Court.

## IV.    Conclusion

This court hereby grants both of the Defendant's motions for summary judgment. (ECF Nos. 98 and 100). As these cases will be dismissed with prejudice from this court, the court orders American Family to interplead the funds at issue in this case ($40,652.20) into the divorce action that is currently pending between the Barbers in Lexington County Family Court. Earlier in these proceedings, the court found it necessary to join Kelly Barber as a party defendant in this case. Because Mr. Barber was, and remains, incarcerated, this court had authority under existing law to appoint an

8

attorney to represent him. The court appointed Logan Wells to represent Mr. Barber. Ms. Wells is a Greenville attorney who had to attend numerous depositions and travel to Columbia for purposes of the argument on the summary judgment motion. Ms. Wells is requested to forward to this court an itemization of her out-of-pocket expenses and an itemization of the time spent working on this case. Upon receipt of this information, the court will enter an order requiring payment to Ms. Wells out of the insurance funds, if any, Mr. Barber receives as a result of an order of the family court awarding him a portion of the money.

       IT IS SO ORDERED.

January 14, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge